SPANGLER, Appellant, vs. DEPARTMENT OF TAXATION, Respondent.

*May 3—June 7, 1949.*

52

For the appellant there were briefs by *Lines, Spooner & Quarles,* attorneys, and *Maxwell H. Herriott* and *Richard R. Teschner* of counsel, all of Milwaukee, and oral argument by *Mr. Herriott* and *Mr. Teschner.*

For the respondent there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

FAIRCHILD, J.  The action of the board of tax appeals must be affirmed.  Neither of petitioner's claims sustains a refund

of the gift tax. Sec. 72.75, Stats., providing for an emergency gift tax, reads:

*"Emergency gift tax.* (1) To provide revenue for the rehabilitation of returning veterans of World War II, construction and improvements at state institutions and other state property, and postwar public works projects to relieve postwar unemployment, an emergency tax is imposed upon transfers of property, real, personal or mixed, or any interests therein or income therefrom, in trust or otherwise, to any person, association or corporation, which are made subsequent to July 9, 1933, and prior to July 1, 1949, in the following cases, except as hereinafter provided.

"(a) When the transfer is by gift from any person who at the date of such gift was a resident of the state."

(1) Petitioner claims that the payment of the $2,250 to her was not a gift. The board of tax appeals found that the transfer was a gift because there was no consideration given for it. Petitioner contends that because the payment was made in consideration of Mr. Spangler's past services to the corporation there was sufficient legal consideration.

Petitioner's claim seems to have no basis in fact. The board of directors' resolution stated that the amount was to be paid "as a gratuity in recognition of services rendered." The recipient of the "gratuity" is the widow of a valued employee of the Oilgear Company. Mr. Spangler had been employed by the company many years and had contributed considerably to its growth and prosperity. Prompted by a feeling of gratitude and a desire to show appreciation of faithful service, the officers of the company gave the amount involved to his widow. It is understood that there was no contract calling for such a payment. The president of the company testified that the making of any such payment was not a condition of employment. The corporation had no sustained and continuing plan binding it to make such payments upon the decease of employees. The only significance that can be attached to the

statement in the resolution is that it is the reason the donation was made.

In deciding that the transfer to the petitioner is a gift, we do not find it necessary to pass upon the question of the liability of the directors to the stockholders of the company for making such a gift. That question, in this instance, may be considered at rest because the tax department has ruled that the disbursement constituted an ordinary expense; and there has been no attempt to challenge that ruling.

(2) Since the payment to petitioner was clearly a gift, the only way she can avoid paying the gift tax is to have the transfer specifically come under the exemption in 72.75 (6) (e), Stats. That section provides:

"(e) All property transferred, money, service or other thing of value, paid, furnished or delivered by any corporation, organization or association to its employees, or to any organization of its employees, directly or indirectly, or to any person, firm or corporation for them or it, to cover insurance, sickness and death benefits, pensions, relief activities, or to any other employees' benefit fund of any kind, and medical service to such employees and their families shall be exempt."

It is clear from reading this section that the legislature intended to encourage the establishment of employees' benefit funds or organizations. It is also clear that the statute contemplates only continuing plans of payments. There must be a sustained and continued obligation. It cannot be sporadic or resulting from occasional impulse. An isolated payment to an employee here or there would not come within the terms of the section. The board of tax appeals found that there was no plan for the payment of benefits to the wife or family of deceased employees. That finding is sustained by the evidence; there was only one other employee of the company whose widow received a similar benefit.

*By the Court.*—Judgment affirmed.